UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALVINITO BLUEBIRD                                                                                    PLAINTIFF
ADC #147748

V.                              No. 4:21-CV-00603-KGB-JTR

MICHELLE GRAY, Deputy Warden
ADC, Pine Bluff Unit, *et al.*                                                                       DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff, Alvinito Bluebird ("Bluebird"), a prisoner in the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"), filed a *pro se* §

1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Bluebird may proceed with this action, the Court must screen his claims.[1]

## II. Discussion

Bluebird alleges that from August 27, 2020 through March 31, 2021, Defendants Deputy Warden Gray ("Gray"), Major Cobbs ("Cobbs"), Captain Skinner ("Skinner"), and Lieutenant Johnson ("Johnson") violated his constitutional rights by sexually harassing him, spreading rumors that he was a snitch, violated his equal protection rights, and discriminated against him because of his race and sexuality. *Doc. 2 at 4*.

### A. Bluebird's Sexual Harassment Claim Against Defendants

Bluebird alleges the Defendants repeatedly subjected him to sexual harassment because of his sexuality. *Id*. The Court concludes, *for screening purposes only*, that Bluebird may proceed with his sexual harassment claims against Defendants Gray, Cobbs, Skinner, and Johnson. *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("[B]ecause the sexual harassment or abuse of an inmate by a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

corrections officer can never serve a legitimate penological purpose and may well result in physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment.") (internal citations and quotations omitted).

### B. Bluebird's Failure to Protect Claim Against Defendant Johnson for Labeling Him a Snitch

Bluebird alleges that Defendant Johnson started a rumor that he was a "snitch," which caused him to fear for his safety when he "was confronted and threatened with bodily harm by prisoners and staff." *Id.* A prison guard who labels an inmate a "snitch" violates the duty to protect an inmate from retaliation or attack, *regardless of whether the inmate is subsequently attacked*, because "an inmate who is considered a snitch is in danger of being assaulted or killed by other inmates." *Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008). "The focus of 'snitch' cases is the *possibility* of retaliation by other inmates." *Reeves v. King*, 774 F.3d 430, 433 (8th Cir. 2014) (emphasis added).

Accordingly, the Court concludes, *for screening purposes only*, that Bluebird has pled a viable failure to protect claim against Defendant Johnson for labeling him a "snitch."

### C. Bluebird's Equal Protection Claim Against Defendants

"The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship

3

to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). Equal protection analysis begins with whether the inmate has shown that he has been treated differently from others who are similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).

Here, Bluebird has not alleged any facts showing that he was treated differently than other inmates that were similarly situated. Accordingly, his equal protection claim should be dismissed, without prejudice. *Seltzer–Bey v. Delo*, 66 F.3d at 964 (affirming conclusion that prisoner-plaintiff failed to state an equal protection claim as he "did not allege any facts to show that he was treated differently from other inmates because he belonged to a protected class"); s*ee also Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir. 1990) (holding that to succeed on an equal protection claim, plaintiff "must show that the treatment he receives is invidiously dissimilar to that received by other inmates") (internal quotations and citations omitted).

### D. Bluebird's Discrimination Claims Against Defendants

Bluebird's Complaint also makes wholly conclusory allegations of racial discrimination and "HIV discrimination." *Doc. 2 at 4*. However, he makes no factual allegations to support these claims. Accordingly, these discrimination claims fail and should be dismissed, without prejudice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," and "naked assertions devoid of

4

further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Bluebird be ALLOWED TO PROCEED with his sexual harassment claim against Gray, Cobbs, Skinner, and Johnson.

2. Bluebird be ALLOWED TO PROCEED with his failure to protect claim against Johnson.

3. Bluebird's equal protection and discrimination claims against Defendants Johnson, Gray, Cobbs, and Skinner be DISMISSED, WITHOUT PREJUDICE.

DATED this 22nd day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE